## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

SHIMON ASAF LUSKI, Plaintiff (Pro Se)

v.

Judge Madelin F. Einbinder
Judge Vincent J. Grasso
Judge Deborah Hanlon-Schron
Court Clerk Jeanin (last name unknown)
Kimberly Knapp, Manager of Probation and Child Support
Probation Officer Hart
Probation Officer Scott
Child Support Agent Sara Litek
Child Support Agent Jessica Desousa
Nancy Therman, Family Division Manager
Ocean County Superior Court – Family Court Division
Ocean County – Child Support Division
Ocean County – Probation Division
Laura Ben-Ishay (also known as Laura J. Ben-Ishay, Ben-Ishay, and Laura Luski)
A.P. Moscato, Prosecutor – Ocean County Criminal Division
Detective Shadiak (exact spelling to be confirmed)

*Case No.* _____

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
## JURY TRIAL DEMANDED
## CAUSE OF ACTION: 42 U.S.C. § 1983 – CIVIL RIGHTS VIOLATIONS

### FORMAL DEMAND FOR FULL DISCOVERY

In connection with this complaint and jury demand, Plaintiff formally requests full discovery of all documents, communications, court records, restraining orders, arrest reports, probation and child support enforcement records, amendments, transcripts, hearing recordings, and internal correspondences between the listed defendants. The Plaintiff believes the discovery process will reveal a coordinated pattern of misconduct, falsification, judicial retaliation, and due process violations. This is not only a procedural request — it is a constitutional necessity for truth, accountability, and public justice.

## FEDERAL CIVIL RIGHTS COMPLAINT
### Shimon Asaf Luski v. Ocean County Officials & Divisions

### LEGAL CLAIMS AND COUNTS

**Count One: Violation of Procedural Due Process (14th Amendment)**
- Defendants: Judge Madelin Einbinder, Judge Vincent J. Grasso, Judge Deborah Hanlon-Schron, Court Clerk Jeanin, Nancy Therman, Kimberly Knapp, Sara Litek, Probation Officers Hart and Scott, Ocean County Family Court Division, Child Support Division, Probation Division
- - Plaintiff was punished for dismissed charges without a valid hearing.
- - Court failed to provide clear notice of the consequences of restraining orders.
- - Restraining orders were issued or enforced without proper service or adjudication.
- - Plaintiff was sentenced to jail and placed on probation despite no lawful conviction on record.
- - Clerks misrepresented court hearing purposes, obstructed access to records, and fabricated scheduling notices.
- Constitutional Violation: Fourteenth Amendment — deprivation of liberty and property without due process of law.

**Count Two: Double Jeopardy and Excessive Punishment (5th and 8th Amendments)**
- Defendants: Judge Madelin Einbinder, Judge Vincent J. Grasso, Probation Officers, Ocean County Court Divisions
- - Plaintiff was punished multiple times for the same incident.
- - Sentencing treated prior dismissed charges as convictions.
- - 'Third violation' status was built off dismissed and/or falsely labeled prior violations.
- - Coercive plea tactics and overlapping docket penalties created compounding punishments.
- Constitutional Violation: Fifth Amendment — Double Jeopardy clause; Eighth Amendment — excessive punishment and cruelty without lawful conviction.

**Count Three: Retaliation for Protected Speech and Access to the Courts (1st Amendment)**
- Defendants: All Named Public Officials and Agencies
- - Plaintiff was retaliated against for requesting court documents and questioning court procedures.
- - After exercising his right to challenge the system, Plaintiff was punished more severely.
- - Plaintiff's access to the courts was obstructed by misleading clerks, missing records, and refusal to disclose who signed certain orders.
- Constitutional Violation: First Amendment — right to petition the government and speak without retaliation.

**Count Four: Equal Protection and Systemic Bias (14th Amendment)**
- Defendants: Judges Grasso and Hanlon-Schron, Kimberly Knapp, Sara Litek, Nancy Therman, Laura Ben-Ishay

- - State mechanisms protected the mother's documented falsehoods while punishing Plaintiff without evidence.
- - Ex parte and off-record coordination between child support and family court targeted the Plaintiff beyond the law.
- Constitutional Violation: Fourteenth Amendment — Equal Protection Clause

### Count Five: Unlawful Jail Conditions and Cruel Punishment
- Defendants: Ocean County Jail System, Probation Division, Judge Madelin Einbinder
- - Plaintiff was held in overcrowded, unsanitary, and psychologically abusive jail conditions.
- - Punishments were imposed following a trial that failed to meet constitutional standards of fairness and due process.
- - Plaintiff was incarcerated for alleged violations based on restraining orders that were improperly issued, amended, or misrepresented in court records.
- - Sentencing was based on false "third strike" claims, despite dismissals and unresolved due process issues in prior hearings.
- Constitutional Violation: Eighth and Fourteenth Amendments — cruel and unusual punishment following a trial that failed to protect Plaintiff's fundamental rights

### Count Six: Abuse of State Power and Color of Law
- Defendants: All Government Actors Named
- - Defendants acted outside the scope of law and under color of state authority to deprive Plaintiff of rights.
- - Court documents were altered, withheld, or fabricated.
- - Clerk statements contradict court records, indicating tampering or systemic deception.
- Constitutional Violation: 42 U.S.C. § 1983 — acting under color of law to violate federally protected rights

☐

### PERSONAL STATEMENT & CASE BACKGROUND
My name is Shimon Asaf Luski. I am a father of three children and a law-abiding citizen with no criminal history prior to my involvement with the Ocean County court system. What began as a legal misunderstanding and a misguided attempt to request mutual protection through a restraining order became a nightmare of legal retaliation, false imprisonment, and systemic abuse of power.

In 2022, I mistakenly requested a restraining order, thinking it would help resolve a conflict peacefully. Instead, this request was weaponized against me and used as a foundation for multiple arrests, restraining orders that I never agreed to, and punishments for charges that were later dismissed. The court never clearly informed me of the legal consequences of my request or the restraining order itself.

Despite the dismissal of the original charges filed against me after my arrest on July 6, 2022, I was ordered to attend Anger Management, placed on probation, and treated as though I had been convicted. These conditions were imposed despite there being no lawful conviction. This process continued over several years, eventually resulting in a 60-day jail sentence based on what the court labeled a 'third violation'—a claim built on previously dismissed or improperly entered restraining orders.

**This is not a plea for sympathy — this is a stand for justice.**

**FOURTEEN (14) DAY RESPONSE REQUIRED – ATTACHED TO FEDERAL COMPLAINT**
FORMAL PUBLIC RECORDS REQUEST – FOIA / OPRA DEMAND
To Whom It May Concern:

Under the authority of the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the New Jersey Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 et seq., I am formally requesting access to all available public records, hearing logs, clerk notes, judicial assignment schedules, memos, internal communications, and audio recordings relevant to matters involving restraining orders, probation actions, and child support enforcement in Ocean County Family Court.

This request pertains to proceedings involving the Plaintiff, Shimon Asaf Luski, and any judicial, clerical, or administrative action connected to the following:

• Temporary and Final Restraining Orders under dockets FV-15-001934-22, FV-15-000818-23, and FV-15-000196-23
• Court hearings involving Judges Vincent J. Grasso, Madelin F. Einbinder, and Deborah Hanlon-Schron
• Clerk scheduling, audio files, or hearing logs for dates including but not limited to 06/15/2022, 12/12/2022, 08/18/2022, and 01/19/2024
• Communications between probation staff and judicial officers related to Plaintiff's arrests, case violations, and enforcement actions

This FOIA/OPRA request is being submitted alongside a federal civil rights complaint under 42 U.S.C. § 1983. These materials are vital to proving due process violations, unlawful arrest patterns, docket manipulation, and procedural misconduct.

Please respond within fourteen (14) calendar days of receipt. If any fees apply for production, duplication, or search time, notify me before fulfilling the request. The cost is secondary to accountability — and these records will be obtained regardless.

If any portion of this request is denied, provide the exact statute or legal provision relied upon, along with appeal instructions.

Respectfully,

Shimon Asaf Luski
Plaintiff – 42 U.S.C. § 1983 Civil Rights Complaint
Date: _____

CC: U.S. District Court – Federal Complaint File
CC: Legal Exhibit Binder – FOIA Enforcement Records

## ⚖️ FORMAL DEMAND FOR FULL DISCOVERY & FINAL NOTICE UNDER CONSTITUTIONAL PROTECTION

This lawsuit is brought under 42 U.S.C. § 1983 for deprivation of rights under color of law. The Plaintiff alleges that the Defendants violated his constitutional rights, including but not limited to those protected under the First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

## FORMAL DEMAND FOR FULL DISCOVERY

In connection with this complaint and jury demand, Plaintiff formally requests full discovery of all documents, communications, court records, restraining orders, arrest reports, probation and child support enforcement records, amendments, transcripts, hearing recordings, and internal correspondences between the listed defendants. The Plaintiff believes the discovery process will reveal a coordinated pattern of misconduct, falsification, judicial retaliation, and due process violations. This is not only a procedural request — it is a constitutional necessity for truth, accountability, and public justice.

## ★ FINAL NOTICE UNDER CONSTITUTIONAL PROTECTION ★

Under the Equal Protection Clause and the First Amendment of the United States Constitution, Plaintiff hereby provides formal notice that if no written response or action is received within **fourteen (14) days** of service, all recordings, filings, and documented evidence listed in this case may be publicly disclosed and submitted to civil rights organizations, media, and legal oversight bodies.

This disclosure shall serve as a lawful and constitutionally protected act to ensure transparency, prevent suppression, and protect the rights of the Plaintiff and his children.

The Plaintiff is not here to play games. Any attempt to delay, ignore, or dismiss this complaint will be met with full exposure under the law.

Respectfully submitted,

Shimon Asaf Luski (Pro Se)
Date: _____